John Kaempf, OSB #925391
KAEMPF LAW FIRM P.C.
2021 SW Main Street Suite 64
Portland, OR 97205
E-mail: john@kaempflawfirm.com
Telephone: (503) 224.5006
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FIRST CHRISTIAN CHURCH OF CORVALLIS, OREGON, an Oregon non-profit corporation,<br><br>          Plaintiff,<br><br>  v.<br><br>KELLEY JONES, an individual,<br><br>          Defendant. | Case No.  6:22-cv-623<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMO OF LAW**<br><br>(ORAL ARGUMENT REQUESTED) |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-1

In compliance with this Rule, the parties made a good faith effort through a telephone conference to resolve the dispute and have been unable to do so; and the opposing party willfully refused to confer.  Counsel for Plaintiff both emailed, called on the telephone, and left a voicemail message with counsel for Defendant, but defense counsel never responded.

## MOTION AND SUMMARY OF ARGUMENT

This is a declaratory judgment civil action arising from the alleged sexual abuse of the Defendant, Kelley Jones, a male born in 1973, in the 1980s, when he was a child.  The

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

alleged abuser was an adult male named William Tobiassen.  He is deceased.  He was a volunteer leader of Defendant's Boy Scouts of America "BSA" troop in Corvallis, which Defendant alleges held meetings on Plaintiff's premises.  There is only one plaintiff, and only one defendant.  BSA is not a party to this case.

Under FRCP 56 and 28 U.S.C. § 2201, Plaintiff moves for a declaratory summary judgment that all of Defendant's claims against it are time-barred as a matter of law on their face.

That is because there is no allegation that Plaintiff (1) had *actual* knowledge that (2) Defendant in particular was being abused by (3) *Tobiassen* specifically; or that (4) Plaintiff had that required actual knowledge (5) at the time Tobiassen was abusing Plaintiff in the 1980s.

This means that, as a matter of law, ORS 12.117, the extended statute of limitations for civil claims based on child abuse, does not apply to Defendant's claims against Plaintiff.

Therefore, ORS 12.110(1), the general two-year tort statute of limitations, applies, and it bars Defendant's claims against Plaintiff.  Under ORS 12.117(1), ORS 12.110(1) applies when ORS 12.117 does not.

And because Defendant alleges, and thus admits, a "physical injury" from the admittedly "harmful and offensive contact" with Tobiassen, then, as a matter of law, his claims accrued at the time of the abuse in the 1980s.  That bars all of Defendant's claims against Plaintiff on their face under ORS 12.110(1).

And even if ORS 12.117 did apply, it also bars Defendant's claims.  That is because his own allegations establish that he did not commence his claims against Plaintiff until this year—well after he was 40 years old—and more than five years after his claims accrued.

So, the Court should issue a declaratory summary judgment that all of Defendant's claims against Plaintiff are time-barred as a matter of law.

Page 2    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

**SUMMARY OF DEFENDANT'S RELEVANT UNDISPUTED ALLEGATIONS**

"A statement of fact in a party's pleading is an admission that the fact exists as stated." *Moore v. Drennan*, 269 Or 189, 193 (1974).

Plaintiff accepts as true *arguendo* Defendant's allegations in his tort lawsuit filed against Plaintiff in Oregon state court this year—Lane County Circuit Court case number 22CV02373. (A true copy of the Complaint in that case "Complaint" is attached as Exhibit A to the complaint in this case.) That case is Stayed because BSA obtained a Stay of litigation against it due to filing for bankruptcy. But that Stay does not apply here because BSA is not a party to this case—nor is it a party in the underlying case, as shown by the Complaint in that case.

When Defendant (born in 1973) was a child, he was sexually abused solely by an adult volunteer Boy Scout troop leader, William Tobiassen. (Complaint at ¶¶ 1, 4-6.) Defendant was abused only during the 1980s. *Id*. at ¶¶ 9-10.

Thus, Defendant reached age 40 years in 2013, nine years before commencing his related lawsuit against Plaintiff in 2022.

Defendant further alleges—and thus admits—that "Tobiassen, as an adult, engaged in intentional conduct resulting in **physical** injury" to Defendant. *Id*. at ¶¶ 9, 19 (emphasis added). Defendant's "physical injury" allegation is incorporated into all of Defendant's claims. *Id*. at ¶¶ 14, 18, 22, 30.

And Defendant admits "the sexual molestation and abuse constituted harmful and *offensive* touching" of Defendant. *Id*. at ¶ 15 (emphasis added). That allegation is also incorporated into all of Defendant's claims. *Id*. at ¶¶ 15, 18, 22, 30.

The abuse also admittedly caused Defendant "severe and debilitating mental and emotional injury, including mental and emotional pain and suffering"—and "severe emotional distress." *Id*. at ¶¶ 11, 19 (emphasis added).

Page 3    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
SUPPORTING MEMORANDUM OF LAW

KAEMPF LAW FIRM PC
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: 503-224-5006

Defendant seeks $4 million in noneconomic damages for the "*physical*," mental, and emotional "pain" resulting from this sexual abuse. *Id*. at ¶¶ 9, 11, 19 (emphasis added).

Defendant also seeks $1 million in economic damages for the costs of counseling and other medical treatment related to the abuse. *Id*. at ¶ 12. He also states an intent to amend his Complaint to seek punitive damages. *Id*. at ¶¶ 17, 21, 39.

In his Complaint, Defendant asserts claims for (1) battery; (2) intentional infliction of emotional distress; (3) negligence; and (4) fraud.

Defendant vaguely alleges that the defendants in his Complaint "knowingly allowed suspected child abusers to continue as Scout Leaders working with children in Defendants' care." *Id*. at ¶ 25(c).

Thus, Defendant does not allege that (1) *Plaintiff* specifically had (2) actual, (3) direct knowledge that (4) *Tobiassen* was sexually abusing (5) Defendant in particular (6) at the time the abuse was *occurring* in the 1980s.

This means that, on their face, and as a matter of law, Defendant's claims against Plaintiff are not subject to ORS 12.117, as shown below.

Therefore, as a matter of law all of Defendant's claims against Plaintiff are barred by ORS 12.110(1), the two-year tort statute of limitations applicable here.

And, alternatively, even if ORS 12.117 did apply, because Defendant commenced his claims against Plaintiff well after reaching age 40, and more than five years after they accrued, it also bars them as a matter of law based on his own undisputed allegations, as shown below.

## MEMORANDUM OF LAW

### 1.  The summary judgment standard

Under FRCP 56, "a party may move for summary judgment" as to "each claim," and "the court shall grant summary judgment if the movant shows that there is no genuine

Page 4   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
          SUPPORTING MEMORANDUM OF LAW

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: 503-224-5006

dispute as to any material fact and the movant is entitled to judgment as a matter of law;" and "the court should state on the record the reasons for granting or denying the motion."

Thus, when, as here, the material "facts are uncontroverted," and "the only question left for the court is to determine the legal significance of those facts," then summary judgment "is appropriate." *Farrakhan v. Gregoire*, 590 F.3d 989, 1003 (9th Cir. 2010). And "the fact that difficult questions of law exist or that parties differ on the legal conclusion to be drawn from the facts is not in and of itself a ground for denying summary judgment inasmuch as refusing to grant the motion does not obviate the court's obligation to make a difficult decision; a denial merely postpones coming to grips with the problem at the cost of engaging in a full-dress trial that is unnecessary for a just adjudication of the dispute. Therefore, when the only question is what legal conclusions are to be drawn from an established set of facts, the entry of summary judgment usually should be directed." *Id*. at 1003-1004.

So, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' FRCP 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment."

## 2. As a matter of law, all of Defendant's claims accrued at the time of the sexual abuse, which he admits caused a "physical injury," and was "offensive contact."

"To constitute liability for a battery," it "is not necessary that the contact do actual physical harm—it is sufficient if the contact is *offensive* or insulting." *Bakker v. Baza'r, Inc.*, 275 Or 245, 249 (1976) (emphasis added).

Page 5    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
SUPPORTING MEMORANDUM OF LAW

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

And Defendant alleges that Tobiassen's "sexual molestation and abuse constituted harmful and *offensive* touching of [him], to which [he] did not and could not consent." (Complaint at ¶ 15; emphasis added.)  That undisputed allegation is included in all of Defendant's claims.  *Id*. at ¶¶ 15, 18, 22, 30.

Therefore, under *Bakker*, all of Defendant's claims accrued at the time of that admittedly "harmful and offensive touching" by Tobiassen in the 1980s.

And Tobiassen's abuse undisputedly also caused Defendant a "**physical** injury."  *Id*. at ¶¶ 9, 19 (emphasis added).  That allegation is also included in all of Defendant's claims. *Id*. at ¶¶ 14, 18, 22, 30.

"The statute of limitations in a tort action begins to run when the claim or cause of action accrues," and a cause of action accrues upon "the occurrence of harm or injury.  *** 'Injury' in the legal sense means a **physical** injury which the plaintiff knows or as a reasonable person should know was caused by the defendant." *Branch v. Hensgen*, 90 Or App 528, 531 (1988) (emphasis added; citation omitted).

Also, "a cause of action for personal injury accrues from the date the injury is, or should have been, discovered, not from the time the full extent of damages is ascertained. Discovery occurs when a plaintiff is or should be aware of (1) the injury, (2) the cause of the injury and (3) the identity of the tortfeasor." *Raethke v. Oregon Health Sciences University*, 115 Or App 195, 198 (1992).

Thus, under *Bakker*, *Branch* and *Raethke*, Defendant's own undisputed allegations establish that—as a matter of <u>law</u>—his claims accrued at the time of his admitted "physical injury" caused by the "harmful and offensive touching" by Tobiassen in the 1980s.

This legal ruling is further compelled by the Oregon Court of Appeals' child sex abuse decision in *Cooksey v. Portland Public School Dist. No. 1*, 143 Or App 527, 534 (1996):  Concerning battery and negligence claims based on the child sex abuse of the plaintiff, an eighth grade student, by her public school teacher, the court in *Cooksey*, citing

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

*Bakker*, held that "it is <u>clear</u> that plaintiff's claims accrued" at the *time of the abuse* because "at that point, plaintiff suffered inappropriate touching, which is an invasion of a legally protected interest." Therefore, *Cooksey* affirmed the dismissal of the case based on the Oregon Tort Claims Act "OTCA" statute of limitation. (Emphasis added.)

*Cooksey* involving the shorter OTCA statute of limitation is irrelevant. What matters is *Cooksey's* legal holding that "it is clear" that plaintiff's claims <u>accrued</u> "at the time of the abuse," because she "suffered inappropriate touching" at that time. The same is true here.

So, as a matter of law, Defendant's claims accrued at the time of the admittedly "harmful and offensive touching" in the 1980s—which also admittedly caused a "physical injury."

But the Court's file shows that Defendant did not commence his claims against Plaintiff until 2022, nearly a decade after he turned 40 in 2013—and more than five years after his claims accrued. (Complaint.)

Thus, even if ORS 12.117 <u>did</u> apply to Defendant's claims, it also bars them.

ORS 12.117(1) states: "An action based on conduct that constitutes child abuse or conduct *knowingly* allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age must be commenced <u>before</u> the person attains *40* years of age, or if the person has not discovered the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the causal connection between the injury and the child abuse, not more than *five years* from the date the person discovers or in the exercise of reasonable care should have discovered the causal connection between the child abuse and *the injury*, whichever period is longer." (Emphasis added.)

Therefore, regardless of Defendant's boilerplate legal conclusion that "less than five years before filing this complaint," he had not "discovered the causal connection" between the abuse and his alleged injuries—Complaint at ¶ 13—as a matter of <u>law</u>, based on the

Page 7    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
SUPPORTING MEMORANDUM OF LAW

undisputed well-pled factual allegations in his own Complaint, all of his claims accrued at the time of the "harmful and offensive" abuse—which admittedly also caused him a "physical injury."  And they were not timely commenced.

That legal ruling is dictated by *Bakker*, *Raethke*, and *Cooksey*.

And that legal ruling is also consistent with common sense and basic fairness. Defendant cannot "have it both ways."  A party who files a lawsuit seeking $5 *million* in damages, and states his intent in his Complaint to later seek who knows how much in punitive damages, cannot make very *explosive* allegations of "physical injury" and "emotional pain" from "harmful and offensive" child sex abuse—but then claim no injury when confronted with the statute of limitations.  *See* http://www.cnn.com/2010/US/04/23/oregon.boy.scout.abuse/index.html[1] (In 2010, "An Oregon jury" found BSA "liable for the sexual abuse of a 12-year-old boy," returning a "verdict of $18.5 million in punitive damages.").

Thus, even if ORS 12.117 applies, for three reasons, it does *not* matter that Defendant alleges that he did not discover the causal connection between the abuse and *all* of his claimed "physical" and emotional injuries until "less than five years before filing this complaint."  (Complaint at ¶ 13.)

First, as noted, Defendant alleges that the abuse constituted "harmful and offensive touching" of him; and it caused him a "physical injury." (Complaint at ¶¶ 9, 15, 19.)  Thus, as a matter of law, his claims accrued at the time of the abuse.  *Branch*, 90 Or App at 531; *Bakker,* 275 Or at 249; *Cooksey*, 143 Or App at 534.

And ORS 12.117 gave Defendant until age 40 (the year 2013), nearly three decades after the alleged abuse ended in 1984—Complaint at ¶ 10—to timely sue Plaintiff, which is fair.  But he missed that deadline by nearly a decade.

---

[1] *Jury verdict hits Boy Scouts with $18.5 million in punitive damages*, CNN, April 23, 2010.

Page 8     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
          SUPPORTING MEMORANDUM OF LAW

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

Second, "one may not avoid the Statute of Limitations by characterizing the harm as two different kinds of injuries rather than one injury that has caused more damage than was originally contemplated." *Raethke*, 115 Or App at 199.

Third, ORS 12.117(1) only requires that a party discover "the causal connection between *the injury* and the child abuse" at the time of the abuse to be required to sue before they reach age 40. ORS 12.117(1) does *not* require that a party actually make a causal connection between the abuse and "all injuries" for their claims to become barred at age 40.

Defendant admittedly discovered the "physical" and "emotional" injuries and "pain" at the time of the admittedly "harmful and offensive touching" in the 1980s. (Complaint at ¶¶ 11, 14.)

Therefore, ORS 12.117(1) bars his claims even if it applies. That is because Defendant was undisputedly well over age 40 when he commenced his claims against Plaintiff this year; and that was also five years after his claims accrued.

Thus, realizing his obvious statute of limitations problem, and seeking to invoke ORS 12.117, Defendant alleges that the defendants in his Complaint, including Plaintiff here, "*knowingly* allowed suspected child abusers to continue as Scout Leaders working with children in Defendants' care." (Complaint at ¶¶ 25(c); emphasis added.)

However, as a matter of law, ORS 12.117 does not apply to Defendant's claims against Plaintiff. That is because Defendant <u>fails</u> to allege that (1) <u>Plaintiff</u> in particular had the required (2) *actual* knowledge that (3) *Defendant* specifically was being abused (4) by Tobiassen in particular; and (5) while the abuse was occurring.

Those omissions mean all of Defendant's claims against Plaintiff are <u>not</u> subject to ORS 12.117, and are time-barred on their face under ORS 12.110(1), the applicable two-year tort statute of limitations. That is because, as shown herein, all of Defendant's claims accrued at the time of the abuse. And that makes sense given that it was admittedly "offensive contact" that caused a "physical injury," as well as "emotional pain."

Page 9    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
SUPPORTING MEMORANDUM OF LAW

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

ORS 12.117 <u>not</u> applying here is dictated by its terms, and *Doe v. Silverman*, 286 Or App 813, 822-823 (2017), review denied, 362 Or 508 (2018):  *Silverman* held that summary judgment was improper because the plaintiff in that case could rely on the "knowingly" allowing child abuse clause of ORS 12.117(1) because he presented evidence that the defendant, <u>unlike</u> Plaintiff here, *actually* knew that her co-defendant husband, who sexually abused plaintiff in their home while she was present, was a pedophile.  Also, she <u>saw</u> plaintiff leave her husband's bedroom in the early morning after spending the night with him; and changed her behavior towards plaintiff afterward; and this supported the inference that "defendant <u>knew</u> about *plaintiff's* abuse as it was *occurring*," and "that defendant had <u>actual</u> knowledge of <u>plaintiff's</u> abuse." (Emphasis added.)

Thus, as *Silverman* confirms, "the conduct described in the statute is <u>actual</u>, as opposed to constructive, knowing conduct."  *Lourim v. Swensen*, 147 Or App 425, 444 (1997) (emphasis added), affirmed in part and reversed in part on other grounds, 328 Or 380 (1999).

This is also why Defendant's vague allegation that some other unnamed Boy Scout leaders were known to sexually abuse children generally fails as a matter of law.

For ORS 12.117 to apply—its terms, *Silverman*, and *Lourim*—require Defendant to allege that (1) Plaintiff had (2) "actual knowledge" that (3) Defendant in particular was (4) being abused by Tobiassen specifically, and (5) while the abuse was occurring.

But Defendant fails to make any such allegation.  That bars all of his claims.

**<u>CONCLUSION</u>**

Under FRCP 56 and 28 U.S.C. § 2201, the Court should grant this Motion and issue a declaratory judgment that all of Defendant's claims against Plaintiff are time-barred on their face as a matter of law.

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

That legal ruling is also consistent with FRCP 1, which states: These rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."

DATED: April 28, 2022.

                                KAEMPF LAW FIRM, PC

                        By: /s/ John Kaempf
                            John Kaempf, OSB #925391
                            2021 SW Main Street Suite 64
                            Portland, OR 97205
                            Telephone: (503) 224.5006
                            E-mail: john@kaempflawfirm.com

                            Attorney for Plaintiff

KAEMPF LAW FIRM PC
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006

**CERTIFICATE OF SERVICE**

1

2    I certify that on April 28, 2022, I served the foregoing by email:

3

4    Peter Janci
     Steven Crew
5    CREW JANCI LLP
     1200 NW Naito Parkway, Suite 500
6    Portland, OR 97209
     E-mail: peter@crewjanci.com
7    E-mail: steve@crewjanci.com

8    Attorneys for Defendant

9                                          KAEMPF LAW FIRM P.C.

10

11                                         /s/ John Kaempf
                                           John Kaempf
12                                         E-mail: john@kaempflawfirm.com
                                           2021 SW Main Street Suite 64
13                                         Portland, OR 97205
                                           Telephone: (503) 224.5006
14
                                           Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

Page 1– CERTIFICATE OF SERVICE

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon  97205
Telephone: 503-224-5006